UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TEKNOR APEX COMPANY :

       Plaintiff       CA 06 27 ML

v.       :  C.A. No.

AMES TRUE TEMPER, INC.,    :  Jury Trial Demanded
D/B/A AMES TRUE TEMPER COMPANY :

       Defendant     :

## COMPLAINT FOR PATENT AND TRADE DRESS INFRINGEMENT

### Nature of the Action

1. This civil action is for Defendant's infringement of United States Letters Patent No. D499,465, and arises under the patent laws of the United States, 35 U.S.C. §§ 271 et seq.

### Parties

2. Plaintiff Teknor Apex Company ("Teknor") is a Rhode Island corporation with a principal place of business located at 505 Central Avenue, Pawtucket, RI 02861.

3. Teknor is informed and believes that Defendant Ames True Temper, Inc., D/B/A Ames True Temper Company ("Ames") is a Delaware corporation with its principal place of business located at 465 Railroad Avenue, Camp Hill, PA 17011.

### Jurisdiction And Venue

4. This Honorable Court has original and exclusive subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this claim for patent infringement arises under the patent laws of the United States. Venue for this claim is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

5. This Honorable Court also has original subject-matter jurisdiction of this action under 28 U.S.C. § 1338(a) and 15 U.S.C. §1121 because this action arises under the Trademark (Lanham) Act. Jurisdiction is conferred by 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

6. Teknor is informed and believes that this Court may properly exercise its in personam jurisdiction over the Defendant because Defendant has done, and is doing business within the State of Rhode Island, and has offered or intends to offer infringing product to retailers knowing that the infringing product would be sold nationwide, including within Rhode Island. Teknor believes that Ames has agreed to, or intends to agree to indemnify retailers for any suits in Rhode Island alleging that its hose infringes any third party patent or trademark rights. Teknor is informed and believes that Defendant has sufficient minimum contacts with Rhode Island.

### Facts

7. Teknor is a Rhode Island company that compounds, mixes and molds plastics and rubber. Teknor designs and manufactures a variety of products, including garden hoses.

8. Teknor traces its innovation in materials to Alfred A. Fain, who founded Apex Tire Company in Providence in 1924.

9. Over the years, Teknor's business has evolved, and today includes manufacturing vinyl resin and plasticizers, production of vinyl hoses, and selling plastic colorants.

10. Teknor has grown its business in size and complexity, and currently is a leading custom compounder of PVC, thermoplastic products and rubber materials used in many industries, and is now one of the major manufacturers of garden hoses and floor mats in the United States.

11. Teknor employs over 2,000 people, and more than 550 in Rhode Island.

12. Teknor also is an innovative company, and has been issued numerous U.S. patents for various inventions.

13.     Teknor has developed a new design for a garden hose ("Hose Design"), and applied for and was awarded U.S. Patent No. D499,465 ("Hose Design Patent") for the design for a garden hose, a copy of which is attached hereto as Exhibit A..

14.     The transparent longitudinal strip-like portion visible in Exhibit A has been used by Teknor on garden hose products Teknor has sold, and comprises a distinctive and non-functional trade dress ("Hose Trade Dress").

15.     Teknor is informed and believes that Ames is a Delaware corporation that traces its roots back to the Ames Company started in 1774 in Massachusetts, but which was taken over by U.S. Industries in 1999, and sold to Wind Point Partners, a private equity firm in 2002, which then sold Ames to a New York based private equity investment firm in June 2004.

16.     Teknor is informed and believes that Ames has produced and is producing garden hose having a longitudinal transparent strip (the "Ames Infringing Hose"), including a 50 foot version of which is sold under the name "All Weather" and UPC number 049206400788, and a 6 foot version sold under the name "Faucet Extender", and UPC number 049206400979. An image of a sample of the Ames Infringing Hose is attached hereto as Exhibit B.

17.     Teknor is informed and believes that Ames has sold, is selling, or intends to offer for sale or sell Ames Infringing Hose to retailers for distribution and sale throughout the US, including Rhode Island.

18.     Teknor is informed and believes that Ames's infringing conduct was with knowledge of Teknor's Hose Design Patent and Hose Trade Dress, and was willful.

19.     As a direct and proximate result of Defendant's acts of infringement and other violations of the law, Teknor has suffered damages.

20.     As a direct and proximate result of Defendant's acts of infringement and other violations of the law, Teknor has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT I

### (Patent Infringement)

21.     Teknor realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 20 of this Complaint.

22.     The Hose Design Patent, United States Letters Patent No. D499,465, was duly and legally issued by the United States Patent and Trademark Office for the invention entitled Garden Hose. Teknor is the sole owner of the Hose Design Patent by assignment and has the right to exclude others and to recover damages for infringement of the claims thereof.

23.     Ames has infringed and is infringing, has induced and is inducing others to infringe, or has contributed and is contributing to the infringement by others of the Hose Design Patent, by making, using, offering for sale, importing or selling, in the United States, hose that infringes the Hose Design Patent, and will continue to do so unless enjoined by this Court.

24.     Ames's direct infringement, inducement of infringement or contributory infringement of the Hose Design Patent is willful and in deliberate disregard of Teknor's rights thereunder.

25.     As a direct and proximate consequence of the acts and practices alleged, Teknor has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages, for which Teknor is entitled to relief under 35 U.S.C. § 284.

26.     By reason of the acts and practices alleged herein, Ames has caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and

irreparable harm to Teknor for which Teknor has no adequate remedy at law, and for which Teknor is entitled to injunctive relief under 35 U.S.C. § 283.

## PRAYERS FOR RELIEF

WHEREFORE, TEKNOR prays for relief against Ames as follows:

A. For judgment declaring that Ames has directly infringed, induced the infringement of, or contributorily infringed United States Letters Patent No. D499,465 and that such infringements have been willful.

B. For a temporary restraining order and preliminary and permanent injunction recalling all of the Ames Infringing Hose, and enjoining Ames, its officers, agents, servants, representatives, employees, attorneys, privies, successors and assigns, and all persons and entities holding by, through, or under it, and all those acting for it or on its behalf, or acting in concert with it, from directly or indirectly making or causing to be made, importing or causing to be imported, using or causing to be used, offering for sale or causing to be offered for sale or selling or causing to be sold the Ames Infringing Hose, or any other product which infringes Teknor's United States Letters Patent No. D499,465, and from any other further infringement, contributory infringement, or inducement of infringement of said Hose Design Patent.

C. For monetary relief as follows:

1. A judgment requiring Ames to pay to Teknor damages adequate to compensate for the infringements, but in no event less that a reasonable royalty for the use made of the invention by Ames, together with interest and costs as fixed by the Court, caused by reason of Ames's infringement, inducement of infringement or contributory infringement of United States Letter Patent No. D499,465.

2. An order awarding Teknor increased damages in view of Ames's intentional, willful and wanton violation of Teknor's patent rights, as well as prejudgment

interest and Teknor's costs, expenses and attorney fees in this action, as authorized by 35 U.S.C. §§ 284 and 285.

D. For such other, further and different relief as the Court deems just and proper.

## COUNT II

### (Violation of Trademark (Lanham) Act)

27. Teknor incorporates herein by this reference the allegations of Paragraphs 1 through 26 inclusive of this Complaint.

28. Teknor's Hose Trade Dress comprises the transparent longitudinal strip-like portion and braid, seen in Exhibit B hereto.

29. Defendant has infringed Plaintiff's Hose Trade Dress which constitutes trade dress infringement, false designation of origin and a false description of the goods effecting interstate commerce, in violation of the Trademark (Lanham) Act, 15 U.S.C. §1051 et seq., including 15 U.S.C. § 1125.

WHEREFORE, Plaintiff prays for judgment in its favor and against the Defendant:

(1) for all remedies available under the Trademark Act, including under Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1117 & 1125 (a).

(2) for a temporary restraining order and a preliminary and a permanent injunction prohibiting Defendant from infringing or improperly using Plaintiff's trade dress;

(3) for a temporary restraining order and a preliminary and a permanent injunction prohibiting Defendant from making, offering for sale, or selling its infringing goods;

(4) for a temporary restraining order and a preliminary and a permanent injunction ordering Defendant to recall and remove from places of sale the infringing goods;

(5) for a preliminary, and a permanent injunction ordering Defendant to deliver upon oath the infringing goods, and ordering the impounding, and upon resolution of the case, the destruction of the infringing goods;

(6) for an accounting for all profits derived by the Defendant on the manufacture and sale of the infringing goods;

(7) for an award of compensatory damages;

(8) for an award of punitive damages;

(9) for an award of costs and attorney's fees; and

(10) for such other relief as the Court deems just.

Plaintiff,
TEKNOR APEX COMPANY

*[signature]*

Robert D. Fine (#2447)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel:  (401) 453-6400
Fax:  (401) 453-6411

JURY TRIAL DEMANDED

*[signature]*

Robert D. Fine (#2447)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel:  (401) 453-6400
Fax:  (401) 453-6411

US00D499465S

## (12) United States Design Patent
### Paul, III

(10) Patent No.: **US D499,465 S**
(45) Date of Patent: ✱✱ **Dec. 7, 2004**

(54) **GARDEN HOSE**

(75) Inventor: Frank W. Paul, III, Brownsville, TN (US)

(73) Assignee: Teknor Apex Company, Pawtucket, RI (US)

(✱✱) Term: 14 Years

(21) Appl. No.: 29/189,388

(22) Filed: Sep. 4, 2003

(51) LOC (7) Cl. ............................................. 23-01
(52) U.S. Cl. ............................................. D23/266
(58) Field of Search ................. D23/266; 138/118, 138/118.1, 126, 128, 157

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D197,378 S | ✱ | 1/1964 | Greczin .................... D23/266 |
| 3,529,633 A | ✱ | 9/1970 | Vaillancourt ............... 138/118 |
| D323,207 S | ✱ | 1/1992 | Cole et al. ................. D23/266 |
| 5,899,236 A | ✱ | 5/1999 | Coronado et al. .......... 138/125 |
| 6,322,109 B1 | ✱ | 11/2001 | Campbell et al. ............ 285/92 |

✱ cited by examiner

*Primary Examiner*—Robin V. Taylor
(74) *Attorney, Agent, or Firm*—Salter & Michaelson

(57) **CLAIM**

The ornamental design for a garden hose, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a garden hose showing my new design;
FIG. 2 is a side elevational view thereof.
FIG. 3 is an elevational view of the opposite side thereof;
FIG. 4 is a top plan view thereof, the bottom plan view being a mirror image thereof;
FIG. 5 is an end view thereof;
FIG. 6 is a perspective view of a second embodiment of my new design;
FIG. 7 is a side elevational view thereof;
FIG. 8 is an elevational view of the opposite side thereof;
FIG. 9 is a top plan view thereof, the bottom plan view being a mirror image thereof; and,
FIG. 10 is an end view thereof.

The broken line portion in FIG. 1 and FIG. 6 is for information only and forms no part of the claimed design. The characteristic feature of the design resides in an opaque outer coating for the garden hose having a transparent strip-like portion extending longitudinally thereof on one or both sides thereof.

**1 Claim, 4 Drawing Sheets**



Exhibit A

**U.S. Patent**     Dec. 7, 2004     Sheet 1 of 4     US D499,465 S



FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7



FIG. 8



FIG. 9



FIG. 10



EXH. B